United States Court of Appeals,

Fifth Circuit.

No. 93-3701.

The LOUISIANA LAND AND EXPLORATION COMPANY, et al., Plaintiffs,

The Louisiana Land and Exploration Company, Plaintiff-Appellant,

v.

OFFSHORE TUGS INC., et al., Defendants,

Rowan Companies, Inc., Defendant-Appellee.

June 29, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA and DEMOSS, Circuit Judges, and PARKER[*], District Judge.

PER CURIAM:

Appellant Louisiana Land & Exploration Company ("LL & E") appeals the district court's granting of summary judgment for Defendant Rowan Companies, Inc. The district court dismissed all claims of LL & E, and entered an order granting Rowan's counterclaim against LL & E, with a declaration that LL & E is obligated to contractually indemnify, hold harmless and defend Rowan from the claims of Equitable Resources Energy Company, Club Oil & Gas, Inc., Nomeco Oil & Gas Company, and Crystal Oil Company. For the following reasons, we AFFIRM.

I.

The case arose out of an allision between Rowan's drilling rig

---

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

ROWAN NEW ORLEANS and an existing well owned by Plaintiffs off the coast of Louisiana. On February 3, 1992, LL & E[1] entered into a contract with Rowan Companies, Inc. ("Rowan"), defendant/appellee, entitled "Domestic Day Work Drilling Contract—Offshore." The contract concerned the drilling of S/L 13720 Well No. 1. On February 29, 1992, while Rowan was attempting to position the ROWAN NEW ORLEANS in its proper drilling location on the State lease, it struck a wellhead owned by LL & E causing extensive and irreparable physical damage to the wellhead.

On February 26, 1993, LL & E, together with its joint interest owners, filed suit against Rowan, Nolty J. Theriot, Inc., and Offshore Tugs, Inc. (the owners and operators of the towing vessels). Rowan moved for partial summary judgment against LL & E on the basis that the drilling contract between the parties precluded the claims asserted by LL & E against Rowan, and that the contract required LL & E to defend and indemnify Rowan against the claims brought by the remaining joint interest owners of the damaged well.

On September 1, 1993, the district court entered an order granting Rowan's motion, holding that the contract specifically and unambiguously released Rowan from any liability for LL & E's damages. It placed the liability for such an occurrence, and the duty to defend and indemnify Rowan, on LL & E. The court found

---

[1]LL & E's co-plaintiffs and joint interest owners of the damaged well are Equitable Resources Energy Company, Club Oil & Gas Company, Nomeco Oil & Gas Company, and Crystal Oil Company (collectively referred to with LL & E as "Plaintiffs"). LL & E is the only plaintiff to appeal.

that the existing well was, as a matter of law, an "obstruction" within the meaning of the contract clause which allocated to LL & E the risk of any damage to or by an "obstruction at or within the area of the drill site."  LL & E has timely appealed.[2]

## II.

The district court found no material facts to exist, and proceeded to the interpretation of the contract terms to resolve this dispute.  The district court relied on paragraph 911 of the contract to interpret the expression of the parties' agreement on risk allocation:

> The parties recognize that the performance of well drilling, workover and associated activities such as those to be performed under this Contract have resulted in bodily injury, death, damage or loss of property, well loss or damage, pollution, loss of well control reservoir damage and other losses and liabilities. *It is the intention of the parties hereto that the provision of this Article IX and Paragraphs 606 and 607 [delineating Operator's obligations] shall exclusively govern the allocation of risks and liabilities of said parties* without regard to cause, ... it being acknowledged that the compensation payable to Contractor as specified herein has been based upon the express understanding that risks and liabilities shall be determined in accordance with the provisions of this Contract.

Paragraph 606 specifically assigns to LL & E the liability for an allision with an obstruction which is within the drill site. Appellant's strongest argument is that a factual dispute exists as to whether the wellhead is an "obstruction" within the meaning of the Contract.  LL & E believes that whether the well was an obstruction depends on a factual inquiry regarding whether or not

_____

[2]This is an appeal of an interlocutory decree pursuant to 28 U.S.C. § 1292(a)(3), and the entire case has not been disposed of.  The proceedings in the district court have been stayed pending the outcome of this appeal.

the well obstructed, hindered, or somehow impeded Rowan in the proper positioning of its drilling rig on location. Therefore, LL & E contends, a material fact issue exists and summary judgment is improper.

The district court concluded that there was not much of a fact issue surrounding whether the well, positioned 20 feet from the target drilling location, constituted an "obstruction" within the meaning of the contract. As the district court's opinion notes, "[a] court is entitled to take words spoken so clearly in their ordinary and plain sense." *Ingram Corp. v. J. Ray McDermott & Co., Inc.,* 698 F.2d 1295, 1312 (5th Cir.1983). The court then held that the damaged wellhead is an obstruction within the common sense meaning of the word. We agree with the court's ruling.

LL & E next asserts that under Paragraph 502, the responsibility for moving the rig rests on Rowan, and they should therefore be held liable for the damage resulting from this task. The district court correctly identified this provision as merely assigning the duties of the parties under the contract. "Paragraph 502 specifically provides that the contractor's responsibility for positioning the rig is "[s]ubject to paragraph 606.' " The court reasoned that being "responsible" for a task does not define one's "liability" for accidents which occur. LL & E assumed all liability for both parties except the liability "specifically assumed" by Rowan.

LL & E argues on appeal that the district court erred in stating that the general liability provision in 901 requires LL &

E to indemnify and defend Rowan for *any* damage to any other property of LL & E, despite the more specific provisions of paragraph 502 and 606 which specifically address the responsibilities of the parties during the movement and positioning of the drilling rig. LL & E asserts that the court should not have allowed the general liability sections to govern the more specific provisions.

The district court did not choose a general provision over an inconsistent specific clause. A contract should be read as a whole and its words given their plain meaning unless the contract is ambiguous. *Hardy v. Gulf Oil Corp.,* 949 F.2d 826, 834 (5th Cir.1992). Whether a contract is ambiguous is a question of law for the court to decide. *D.E.W., Inc. v. Local 93, Laborers' Intern'l Union of North America,* 957 F.2d 196, 199 (5th Cir.1992). The district court in this case simply read each provision with reference to the contract as a whole, giving each provision its ordinary meaning.

Recognizing that the allocation of risks were exclusively governed by Article IX, and Paragraphs 606 and 607, the district court enforced the clear text of the contract, and ruled that LL & E must indemnify and defend Rowan.

III.

The district court made no mistakes as to fact or law, and therefore the district court's opinion is

AFFIRMED.

5